to him, to apply on the purchase price, $2,390. Some time thereafter the defendant telegraphed the Curtiss Company that the motor had arrived from Paris, and was then in New York, and he requested the balance of the purchase money, stating that he would immediately take the motor from the customhouse and forward the same. Mc-Curdy, an employé of the Curtiss Company, was given a check for $5,-239.67, payable to the Aeroplanes, Motors & Equipment Company, the name under which the defendant did business, with instructions to deliver the same to him upon ascertaining that the motor had arrived, as claimed by the defendant. The defendant took McCurdy to the American Express Company's building at 65 Broadway, New York City, and showed him a motor which he claimed, and which from all appearances, had just arrived from France. McCurdy then delivered the check, which was shortly thereafter cashed by the defendant.

The defendant's statements were false and untrue. The motor which was delivered to the Curtiss Company had not been specially built for it, but was a Gnome motor, which had been in this country since 1912, when it was imported by one Prince under an exhibition bond. It had been exhibited in Chicago and then forwarded to Prince in Boston by express, from which place it had been shipped, also by express, to the defendant doing business under the name above stated. When shown to McCurdy, all marks had been obliterated from the box in which it was shipped to New York, except the original consignment and the name Aeroplanes, Motors & Equipment Company. After an unsuccessful test by the government officials at Annapolis, the motor was replevied from the Motor Company by Prince.

The errors alleged by the defendant's counsel as calling for a reversal of the judgment of conviction have been carefully examined, but in view of section 542 of the Code of Criminal Procedure, which requires a court on appeal to give judgment without regard to technical errors or defects which do not affect the substantial rights of the parties, we do not think they are of such a character as would justify us in reversing the judgment. A consideration of all the evidence, and particularly the testimony of the defendant himself, cannot fail to satisfy one that he was justly convicted of the crime with which he was charged.

The judgment of conviction is therefore affirmed. Order filed. All concur.

---

## In re ZITZLSPERGER'S ESTATE.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

TAXATION ⬅⬎886½—TRANSFER TAX—BEQUEST TO GRANDCHILD.

Where testatrix's will created a trust for her grandchild, the rents and profits to be paid over to him semiannually until he reached 25, when all the real estate was devised to him, and, if he should die before reaching the age leaving issue, the real estate was devised to such issue share and share alike, under the contingency that the grandchild might die before reaching 25 and without issue, as well as the others that he might reach 25, or die before leaving issue, the will vested title to the trust

estate at once in the grandson on testatrix's death, subject only to be divested in case of the grandson's death before reaching 25 leaving no issue; there being no words in the will indicating any intention to postpone the vesting of title, so that no higher transfer tax than 1 per cent. could be imposed.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ☞886½.]

Appeal from Surrogate's Court, New York County.

In the matter of the transfer tax upon the estate of Mathilde Zitzlsperger, deceased. From an order of the Surrogate's Court, confirming the report of a transfer tax appraiser, Gottlieb Maier and George Pfachler, Jr., executors of and trustees under the decedent's will, appeal. Order reversed, and appellants' application to reduce the tax granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Adolph E. Gutgsell, of New York City, for appellants.

Schuyler C. Carlton, of New York City (Alex Otis, of New York City, on the brief), for respondent.

DOWLING, J. Mathilde Zitzlsperger died at the city of New York on April 1, 1914. By her last will and testament, after making certain bequests, she directed, by the "fourteenth" paragraph thereof, that the surplus of her personal property "be deposited in trust as hereinafter set forth." Such surplus was thus included in the trust created as to her realty by the "sixteenth" paragraph of her will, by which, after providing for the "application of the net rents, issues and profits thereof for and toward the maintenance and education of my grandson Herman Krug until he has attained the age of twenty-one years," she provided for the disposition of any surplus until he became 21, when the same was to be paid over to him. The rents, issues, and profits were to be paid over to Herman Krug semiannually thereafter until he shall have attained the age of 25 years, "when I give, devise and bequeath all my said real estate unto him my aforesaid grandson, Herman Krug, to have and to hold the same for himself, his heirs and assigns forever, and in case he my said grandson should die prior to attaining the age of twenty-five years leaving issue him surviving, then and in that case I give, devise and bequeath all my aforesaid real estate unto such issue, to be divided by and between such issue share and share alike."

It is the contention of the appellants that there were three contingencies which might occur in reference to the trust estate: (1) The cestui que trust attaining the age of 25 years, when he would become absolutely entitled to the remainder. (2) The cestui que trust dying prior to attaining the age of 25 years, leaving issue him surviving, between whom the entire trust estate was to be divided. The appellants contend that in either of these contingencies, for which the will expressly provides, no higher transfer tax than 1 per cent. could be imposed, as Herman Krug is decedent's grandson and nearest next of kin. The respondent does not dispute this. But there is a third contingency, the death of Herman Krug before attaining the age of 25 years and leaving no issue him surviving, for which the will has made

no provision. Appellants contend that in that event decedent Zitzl-sperger would have died intestate as to the remainder of the trust estate, and as the same would pass to her heirs at law and next of kin who were such at the time of her death, and as Herman Krug answered both those descriptions, and he was in the 1 per cent. class, no higher tax than this could be imposed on the transfer. On the other hand, respondent claims that at the death of Krug without issue the ultimate beneficiaries of the trust might be in the 5 per cent. class, and therefore, under Tax Law (Consol. Laws, c. 60) § 230, the highest possible rate of tax must be imposed.

As we construe the will of decedent, upon her death title to the trust estate vested at once in Krug, subject only to be divested in case of his death before attaining 25 years, leaving no issue him surviving. There are no words used in the will indicating any intention to postpone the vesting of title in him. Not only was title at once vested in him as legatee and devisee, but in so far as there was any contingency outstanding the happening of which would defeat that vesting, upon such happening the effect would be to create a new title in Krug as heir at law and nearest next of kin of decedent, which would revert back to the date of decedent's death and vest in him as of that date. So that in any event title was in Krug, upon whose interest no higher tax than 1 per cent. could be imposed. If Krug should die before attaining 25 years of age, without leaving issue, the tax then to be levied would be on his estate, and not that of Zitzlsperger.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the application to reduce the tax on the remainder from 5 per cent. to 1 per cent. granted. Settle order on notice. All concur.